UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN THOMAS ENTLER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RICHARD ADAME, ) <br> ) <br> Defendant. ) <br> _____ ) | CASE NO. C10-0848-RAJ-MAT <br><br> REPORT AND RECOMMENDATION |

*Pro se* plaintiff John Thomas Entler, proceeding *in forma pauperis*, brings a 42 U.S.C. § 1983 civil-rights action, alleging that he suffered retaliation at the hands of corrections officer Richard Adame for having exercised his First Amendment right to grieve improper conduct by Officer Adame. (Dkt. 8, at 24.) Officer Adame moves to dismiss and to stay discovery while the present motion is being considered. (Dkt. 12.) The Court recommends **DENYING** Officer Adame's motion to dismiss and to stay discovery, and **DIRECTING** defendant to file an answer to the complaint within thirty (30) days of the date of the order adopting this Report and Recommendation.

**BACKGROUND**

Mr. Entler is presently incarcerated in the Washington State Reformatory, Monroe

REPORT AND RECOMMENDATION
PAGE -1

Correctional Complex.  In 2009, Mr. Entler apparently had been granted "priority access" to the law library.  (Dkt. 8, at 16.)  According to Mr. Entler, Officer Adame refused to let him use this priority access.  (*Id.*)  Mr. Entler states that before filing a formal grievance against Mr. Adame, he tried to resolve his concerns informally through complaining to supervisory personnel in excess of 100 times.  (*Id.*)  How Officer Adame responded to Mr. Entler's complaints forms the basis for Mr. Entler's claim of retaliation.

First, Mr. Entler contends that Officer Adame infracted him falsely twice, once in January 2009 and once in February 2009 in retaliation for complaining about Officer Adame's conduct.  (*Id.* at 17–19, 24.)  On both occasions, Mr. Entler was found to be not guilty of the infractions.  Mr. Entler states that he then filed a formal grievance against Officer Adame for the false infractions but was persuaded by Correctional Unit Supervisor ("CUS") Miller to retract his grievance because CUS Miller "would personally remedy C/O R. Adame's behavior, and I preserved the right to reinitiate the grievance process if C/O R. Adame continued to harass and retaliate against me."  (*Id.* at 20.)

Second, Mr. Entler contends that Officer Adame entered into a pattern of conduct that, while at times technically justified, constituted a pattern of harassment and retaliation for Mr. Entler's complaints. (*Id.* at 20–23.)  Specifically, Mr. Entler alleges that Officer Adame (1) continued to not let him out of his cell for priority access, (2) intentionally refused to allow him out of his cell to get ice, (3) made him violate the prison policy against leaving personal property outside his cell through selective enforcement of rules, and (4) singled him out for punishment by arbitrarily keeping him in his cell all night.  (*Id.* at 24.)

In lieu of filing an answer, Officer Adame filed a motion to dismiss and to stay

REPORT AND RECOMMENDATION
PAGE -2

discovery pending resolution of the motion.  (Dkt. 12.)

## DISCUSSION

Officer Adame contends that Mr. Entler fails to state a claim upon which relief may be granted because he cannot plausibly support a civil-rights action for retaliation.  Under Federal Rule of Civil Procedure 12(b)(6), Mr. Entler's complaint is construed liberally and all well-pleaded facts are taken as true.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are, however, insufficient to defeat a motion to dismiss.  *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In order to sustain an action under § 1983, a plaintiff must show that he suffered a violation of rights protected by the Constitution or created by federal statute, and the violation was proximately caused by a person acting under color of state or federal law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Construing Mr. Entler's complaint liberally and accepting his factual allegations as true, the Court finds that he has stated a plausible claim for retaliation regarding a prisoner's First Amendment right to seek redress for perceived wrongs.  *See, e.g.*, Report and Recommendation, at 10–15, *Entler v. Perales*, C07-5167-FDB-KLS (W.D. Wash. Oct. 8, 2008) (concluding, on defendants' motion for summary judgment, there was a genuine issue of material fact as to one defendant regarding whether Mr. Entler was infracted in retaliation for his exercise of First Amendment rights); Summary Judgment Order, at 1, *Entler v. Bolinger*,

C05-5122-FVS (E.D. Wash. Mar. 21, 2008) (concluding there was a genuine issue of material fact regarding defendant's motivation for issuing a minor infraction to Mr. Entler and confiscating his property).  The Court recommends denying Officer Adame's motion to dismiss and to stay discovery pending resolution of the motion.

Whether a state prisoner states a claim of retaliation against a corrections officer for retaliating against him for exercising his First Amendment rights to file prison grievances and pursue civil-rights litigation is well-travelled terrain and Officer Adame has failed to introduce any new points of interest to suggest that this action should be turned back on a motion to dismiss:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).  Mr. Entler has pleaded facts that satisfy this standard: (1) Officer Adame falsely infracted him and attempted to limit his movement and to discredit him in the eyes of prison authorities (2) because of (3) Mr. Entler's attempts to access the law library and complaints regarding Officer Adame's conduct, and Officer Adame's actions (4) chilled Mr. Entler's exercise of his First Amendment rights, and (5) the actions did not reasonably advance a legitimate correctional goal.

Officer Adame's arguments to the contrary have been soundly rejected by the Ninth Circuit.  Officer Adame argues that Mr. Entler cannot show that Officer Adame's actions had a chilling effect because Mr. Entler continues to be an outspoken critic regarding perceived injustices and since January 2009 has filed at least fifteen complaints.  (Dkt. 12, at 4–5.)

However, "[a]s we have stated multiple times, a retaliation claim may assert an injury no more tangible than a chilling effect on First Amendment rights. . . . Thus, the mere *threat* of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect." *Brodheim v. Cry*, 584 F.3d 1262, 1269–70 (9th Cir. 2009) (citation and internal quotation marks omitted). In *Rhodes*, the Ninth Circuit made clear that an allegation that a person of ordinary firmness would have had his First Amendment rights chilled is sufficient to state a retaliation claim. *Rhodes*, 408 F.3d at 568–69. "Because it would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity, [plaintiff] does not have to demonstrate that his speech was actually inhibited or suppressed." *Id.* at 569 (citation and internal quotation marks omitted). Officer Adame also argues that he is entitled to qualified immunity. That argument is foreclosed by the Ninth Circuit's recognition that the prohibition against retaliatory punishment is clearly established law, and that a reasonable officer would believe that falsely infracting an inmate and attempting to limit his movement and to discredit him would be unlawful. *See id.* at 569–70; *cf. Brodheim*, 584 F.3d at 1269–71 (holding that there was a genuine issue of fact for trial and noting that a prison official's mere warning a person to stop doing something carries the implication of some consequence of a failure to heed that warning).

/ / /

/ / /

/ / /

/ / /

REPORT AND RECOMMENDATION
PAGE -5

**CONCLUSION**

The Court recommends **DENYING** Officer Adame's motion to dismiss and to stay discovery, and **DIRECTING** defendant to file an answer to the complaint within thirty (30) days of the date of the order adopting this Report and Recommendation.

DATED this 26th day of October, 2010.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -6