01

02

03

04

05

06
07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

08 JOHN THOMAS ENTLER,                     )
                                           )   CASE NO. C10-848-RAJ
09       Plaintiff,                        )
                                           )
10       v.                                )   REPORT AND RECOMMENDATION
                                           )
11 RICHARD ADAME,                          )
                                           )
12       Defendant.                        )
   _____ )

13

14       *Pro se* plaintiff John Thomas Entler, proceeding *in forma pauperis*, brings a 42 U.S.C.

15 § 1983 civil-rights action, alleging that he suffered retaliation at the hands of corrections officer

16 Richard Adame for having exercised his First Amendment right to grieve improper conduct by

17 Officer Adame.   (Dkt. 8, at 24.)   Officer Adame moves for summary judgment though he adds

18 no additional argumentation or evidence to his previously denied motion to dismiss.   (Dkt. 19.)

19 The Court recommends **DENYING** Officer Adame's motion for summary judgment and

20 setting this matter for trial.

21                            **BACKGROUND**

22       Mr. Entler is presently incarcerated in the Washington State Reformatory, Monroe

REPORT AND RECOMMENDATION
PAGE -1

01  Correctional Complex.   In 2009, Mr. Entler apparently had been granted "priority access" to

02  the law library.  (Dkt. 8, at 16.)   According to Mr. Entler, Officer Adame refused to let him

03  use this priority access.  (*Id.*)   Mr. Entler states that before filing a formal grievance against

04  Officer Adame, he tried to resolve his concerns informally through complaining to supervisory

05  personnel in excess of 100 times.  (*Id.*)   How Officer Adame responded to Mr. Entler's

06  complaints forms the basis for Mr. Entler's claim of retaliation.

07       First, Mr. Entler contends that Officer Adame infracted him falsely twice, once in

08  January 2009 and once in February 2009 in retaliation for complaining about Officer Adame's

09  conduct.  (*Id.* at 17–19, 24.)   On both occasions, Mr. Entler was found to be not guilty of the

10  infractions.  (Dkt. 20-1, at 26, 31.)   Mr. Entler states that he then filed a formal grievance

11  against Officer Adame for the false infractions but was persuaded by Correctional Unit

12  Supervisor ("CUS") Miller to retract his grievance because CUS Miller "would personally

13  remedy C/O R. Adame's behavior, and I preserved the right to reinitiate the grievance process if

14  C/O R. Adame continued to harass and retaliate against me."   (Dkt. 8, at 20.)

15       Second, Mr. Entler contends that Officer Adame entered into a pattern of conduct that,

16  while at times technically justified, constituted a pattern of harassment and retaliation for Mr.

17  Entler's complaints.  (*Id.* at 20–23.)   Specifically, Mr. Entler alleges that Officer Adame

18  (1) continued to not let him out of his cell for priority access, (2) intentionally refused to allow

19  him out of his cell to get ice, (3) made him violate the prison policy against leaving personal

20  property outside his cell through selective enforcement of rules, and (4) singled him out for

21  punishment by arbitrarily keeping him in his cell all night.  (*Id.* at 24.)

22       The Court denied Officer Adame's motion to dismiss.  (Dkt. 15.)   Officer Adame now

REPORT AND RECOMMENDATION
PAGE -2

01  moves for summary judgment.   (Dkt. 19.)   He makes no reference to evidence outside of what

02  Mr. Entler provided to support his claims, raises no issues that were not already rejected in the

03  order denying the motion to dismiss, and did not file a reply brief.

04                                              **DISCUSSION**

05          Officer Adame moves for summary judgment, contending that there is insufficient

06  evidence to support a claim that he retaliated against Mr. Entler for having exercised his First

07  Amendment right to file grievances about Officer Adame's conduct.[1]   (Dkt. 19, at 2.)   In

08  response, Mr. Entler submits an affidavit, a witness declaration, and documents from the

09  disciplinary proceedings that support his assertion that there was no valid basis for having been

10  infracted by Officer Adame.   (Dkt. 20-1, at 11–45.)   The Court finds that there is a genuine

11  issue of material fact such that Officer Adame is not entitled to judgment as a matter of law.

12  *See, e.g.*, Report and Recommendation, at 10–15, *Entler v. Perales*, C07-5167-FDB-KLS

13  (W.D. Wash. Oct. 13, 2008) (concluding, on defendants' motion for summary judgment, there

14  was a genuine issue of material fact as to one defendant regarding whether Mr. Entler was

15  infracted in retaliation for his exercise of First Amendment rights); Summary Judgment Order,

16  at 1, *Entler v. Bolinger*, C05-5122-FVS (E.D. Wash. Mar. 21, 2008) (concluding there was a

17  genuine issue of material fact regarding defendant's motivation for issuing a minor infraction to

18  Mr. Entler and confiscating his property).

19  _____

20          1 Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   The evidence is viewed and reasonable inferences are drawn in the light most favorable to the nonmoving party.   *United States v. Johnson Controls, Inc.,* 457 F.3d 1009, 1013 (9th Cir. 2006).   The nonmovant must do more than simply deny the

21  veracity of everything offered or show a mere "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986); *see* Fed. R. Civ. P. 56(c).   The mere existence of a

22  scintilla of evidence is likewise insufficient to create a genuine factual dispute.   *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986).

01 **I.      Genuine Issue of Material Fact**

02       Whether a state prisoner can support a claim of retaliation against a corrections officer

03 on the basis of First Amendment rights to file prison grievances and pursue civil-rights

04 litigation is well-travelled terrain:

05       Within the prison context, a viable claim of First Amendment retaliation entails
       five basic elements: (1) An assertion that a state actor took some adverse action
06       against an inmate (2) because of (3) that prisoner's protected conduct, and that
       action (4) chilled the inmate's exercise of his First Amendment rights, and
07       (5) the action did not reasonably advance a legitimate correctional goal.

08 *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).   Mr. Entler has supported the

09 following allegations: (1) Officer Adame falsely infracted him and attempted to limit his

10 movement and to discredit him in the eyes of prison authorities (2) because of (3) Mr. Entler's

11 attempts to access the law library and complaints regarding Officer Adame's conduct, and

12 Officer Adame's actions (4) chilled Mr. Entler's exercise of his First Amendment rights, and

13 (5) the actions did not reasonably advance a legitimate correctional goal.   (Dkt. 20-1, at 11-19

14 (Entler Aff.), at 22–24 (Earl Decl.), at 26 (finding of not guilty in infraction report), at 31

15 (finding of not guilty in infraction report), at 38 (response to Mr. Entler's grievance stating that

16 Officer Adame received additional training and that this should resolve the request that Officer

17 Adame be disciplined).)

18       If the evidence is viewed in the light most favorable to Mr. Entler, as it must be on

19 summary judgment, then there is a genuine issue of material fact about whether the

20 circumstances show that Officer Adame's conduct constituted retaliation for Mr. Entler's

21 protected right to file grievances.   *See Brodheim v. Cry*, 584 F.3d 1262, 1269–70 (9th Cir.

22 2009)   ("As we have stated multiple times, a retaliation claim may assert an injury no more

REPORT AND RECOMMENDATION
PAGE -4

01 | tangible than a chilling effect on First Amendment rights. . . .   Thus, the mere *threat* of harm

02 | can be an adverse action, regardless of whether it is carried out because the threat itself can have

03 | a chilling effect.").

04 | **II.      Qualified Immunity**

05 |        Officer Adame also argues that he is entitled to qualified immunity.   That argument is

06 | foreclosed by the Ninth Circuit's recognition that the prohibition against retaliatory punishment

07 | is clearly established law, and that a reasonable officer would believe that falsely infracting an

08 | inmate and attempting to limit his movement and to discredit him would be unlawful.   *See*

09 | *Rhodes*, 408 F.3d at 569–70; *cf. Brodheim*, 584 F.3d at 1269–71 (holding that there was a

10 | genuine issue of fact for trial and noting that a prison official's mere warning a person to stop

11 | doing something carries the implication of some consequence of a failure to heed that warning).

12 |                                              **CONCLUSION**

13 |        The Court recommends **DENYING** Officer Adame's motion for summary judgment

14 | and setting this matter for trial.   A proposed order is attached.

15 |        DATED this 21st day of April, 2011.

16

17                                                           Mary Alice Theiler

18                                                           United States Magistrate Judge

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -5